IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

YVONNE D. LEWIS, :

    Plaintiff, : Case No. 2:05-cv-978

v. : Judge Sargus

THE FRANKLIN COUNTY : Magistrate Judge Abel
GOVERNMENT, et al.,
: 
    Defendants.

## ORDER

This matter is before the Court on plaintiff Yvonne D. Lewis' November 7, 2005 objections to the Magistrate Judge's October 26, 2005 Initial Screening Report and Recommendation (doc. 5). Lewis filed this action on October 25, 2005 pursuant to 42 U.S.C. § 1983 alleging that defendants violated her Fourteenth Amendment rights to due process. Defendants are the Franklin County Government, the Tenth District Court of Appeals of Franklin County, Ohio, Judge Susan Brown, Judge Julie Lynch, Rachel A. Leier, and GMAC Mortgage Corporation. The Magistrate Judge recommended dismissing plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Lewis' claims arise from a state court lawsuit brought by GMAC against her. In her complaint, she argues that state court judges made erroneous rulings and otherwise acted to deprive her of her constitutional rights. These claims are subject to review by the Ohio Court of Appeals, the Supreme Court of Ohio, and the United States Supreme Court. This Court does not

1

have jurisdiction to hear Lewis' challenges to the Ohio courts' decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Gottfried v. Medical Planning Services,* 142 F.3d 326, 330 (6th Cir. 1998). Moreover, Lewis alleges that defendants Julie Lynch and Susan Brown deprived her of her constitutional rights while they were acting in their capacity as judges. However, Judge Brown and Judge Lynch are immune from suit in their role as judges. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Defendants GMAC Mortgage Company and Rachel Leier, an attorney with GMAC, should also be dismissed from this lawsuit. Lewis alleges that these defendants violated her constitutional rights. However, these defendants are private persons and are not subject to suit under 42 U.S.C. § 1983 unless they acted under color of law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978). Lewis has not pleaded that these defendants acted under color of law. Accordingly, these defendants are not subject to suit under 42 U.S.C. § 1983. Further, an attorney representing a party in a lawsuit is not acting under color of state law within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). In Lewis' objections to the Report and Recommendation, Lewis argues that GMAC Mortgage Company should not be dismissed from this lawsuit. However, she does not plead any new allegations that would establish GMAC Mortgage Company as a state actor.

Upon a *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this Court **AFFIRMS** and **ADOPTS** the Magistrate Judge's October 26, 2005 Initial Screening Report and Recommendation. Accordingly, plaintiff's application to proceed without prepayment of fees is **GRANTED**. The complaint is **DISMISSED**. Plaintiff Yvonne D. Lewis'

November 7, 2005 objections to the Magistrate Judge's October 26, 2005 Initial Screening Report and Recommendation (doc. 5) are **OVERRULED**. This case is **DISMISSED**.

                                           3-23-2006
                               Edmund A. Sargus, Judge
                               United States District Court